435 So.2d 1170 (1983)
John McLAURIN, et al., Trustees of the Newton County Unit School District
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Terry W. McElhenney.
No. 54244.
Supreme Court of Mississippi.
August 3, 1983.
*1171 Leon Mangum, Decatur, for appellants.
Fred J. Lotterhos, Jackson, for appellees.
Before PATTERSON, C.J., and ROY NOBLE LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court.

I.
On September 17, 1979, Terry W. McElhenney filed a claim for unemployment compensation benefits. At that time McElhenney was working on a part-time basis as a school bus driver for the Newton County Unit School District (sometimes hereinafter "N.C.U.S.D." or "the school district"). Despite this part-time work, the Mississippi Employment Security Commission's Board of Review held that McElhenney was "unemployed" within the meaning of the Mississippi Employment Security Law. Miss. Code Ann. § 75-5-11[O](1) (Supp. 1982).
The primary question presented is whether the school district, as the part-time employer of McElhenney, is liable under the Act for pro rata reimbursement of the Mississippi Employment Security Trust Fund. The MESC Board of Review held that the school district was so liable. The Circuit Court of Newton County, Mississippi, upheld that determination. Having carefully reviewed the matter, we affirm.

II.
Our threshold inquiry is whether McElhenney was "unemployed". This question must be answered by reference to the definition of the term "unemployed" as found in the statute and not in the dictionary. Our legislature has provided that an individual shall be deemed "unemployed"

*1172 in any week during which he performs no services and with respect to which no wages are payable to him, or in any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount.[1] Miss. Code Ann. § 71-5-11(O)(1) (Supp. 1982) [Emphasis added].
The legislature has thus declared that individuals not wholly unemployed in fact may nevertheless be deemed "unemployed" as a matter of law. The Mississippi Employment Security Commission's lawfully promulgated regulation is to like effect:
"... [A]n individual shall be deemed to be part-totally unemployed in any week of less than full-time work, if the wages payable to him with respect to such week are less than his weekly benefit amount... ." MESC Reg. No. 102
At all times relevant hereto McElhenney was working for the Newton County Unit School District as a school bus driver. He worked for approximately one and a half hours each morning and a like time each afternoon. He was in fact employed.
Both the statute and regulation, however, make clear that amount of work activity is not determinative. What is determinative is whether McElhenney's wages were less than his benefit amount. It is undisputed, as a matter of fact, that McElhenney's wages were $53.75 per week and his weekly benefit amount was $80.00.[2] His weekly wages were thus less than his weekly benefit amount. As a matter of law McElhenney was unemployed.
Unemployment, in this context a function of law, does not arise from lack of work activity, from lack of engagement to work, or from a complete absence of wages, all of which are wholly matters of fact. The legislature has the power to designate by general definition those individuals eligible for benefits. It certainly has the power to provide that those individuals earning less than their weekly benefit amount shall be eligible for benefits without regard to the fact that they may be engaged in some part-time work activity. And, it certainly has the power, if it wishes to do so, to use the word "unemployed" and define that word in a way different from what may be in the dictionary or different from common or accepted usage among lay persons.[3] These powers our legislature has exercised.
When the legal definition of "unemployed" as prescribed in Section 71-5-11(O)(1) is applied to the facts of this case, it becomes indisputable that Terry W. McElhenney was unemployed for purposes of determining his eligibility for benefits under the Mississippi Employment Security Law.

III.
During the "base period"[4] McElhenney was employed and had earnings as follows:

*1173
 BASE CALENDAR
 PERIOD YEAR
 QUARTER EMPLOYER QUARTER EARNINGS
 1st Qtr. Kendrick Fence Co. 2nd Qtr. 1978 $2,080.00
 2nd Qtr. Kendrick Fence Co. 3rd Qtr. 1978 2,080.00
 3rd Qtr. N.C.U.S.D. 4th Qtr. 1978 440.00
 4th Qtr. N.C.U.S.D. 1st Qtr. 1979 660.00
 _________
 Total Earnings $5,260.00

McElhenney being unemployed within the meaning of the law and thus eligible for benefits under the law, the only question is how and by whom McElhenney's benefits shall be financed. As before, the answer is purely a function of legislative directive. That directive may be found in Miss. Code Ann. § 71-5-357 (Supp. 1982).[5] See Mississippi Employment Security Commission v. City of Columbus Light & Water Department, et al., 424 So.2d 553, 557 (Miss. 1982).
Here, during the base period, McElhenney was employed by two separate employers, one, Kendrick Fence Company, a contributing employer [see Section 71-5-351 (Supp. 1982)] and the second, Newton County Unit School District, a reimbursing employer [see Section 71-5-357 (Supp. 1982)]. In this factual context, we find an express legislative directive making clear the reimbursement obligation of the school district in Section 71-5-357(c)(i) (Supp. 1982). This section requires reimbursement payment to the trust fund in
"an amount which bears the same ratio to the total benefits paid to the individual as the total base period wages paid to the individual by such employer bear to the total base-period wages paid to the individual by all of his base-period employers".
Under the facts of this case, the school district's pro rata allocation is 20.91 percent, computed as follows:

 PERCENTAGE OF TOTAL BASE
 AMOUNT EARNED PERIOD EARNINGS ATTRIBUTIVE
 EMPLOYER BY MCELHENNEY TO EACH EMPLOYER
 Kenrick Fence Co. $4,160.00 79.09%
 N.C.U.S.D. $1,100.00 20.91%

This Court has recently recognized the view we take here in Mississippi Employment Security Commission v. City of Columbus Light & Water Department, et al., 424 So.2d 553 (Miss. 1982). There the Court stated that the legislature of this state had enacted that, in such cases as this,
reimbursing employers shall pay to the commission their proportionate share of unemployment benefits based upon the length of time the unemployed worker had worked for the political subdivision in the base period. 424 So.2d at 557.
Then, to reinforce the point, the Court went on to read the legislative enactment to provide that:
To the extent the unemployment benefits are attributable to the worker's period of employment with the political subdivision, the subdivision is obligated to reimburse the Commission a commensurate amount of the unemployment benefits *1174 paid. There is no exception to this requirement. 424 So.2d at 557. [Emphasis added].
The legislature has provided in terms controlling here that
[p]ayments due by employers who elect to reimburse the fund in lieu of contributions as provided in this subsection may not be noncharged under any condition. The reimbursement may be on a dollar for dollar basis. ($1.00 reimbursement for each dollar paid in benefits) in every case; ... Miss. Code Ann. § 71-5-357(b)(iv) (Supp. 1982).
In the context of the facts of this case, the payments due by an employer such as N.C.U.S.D. are made payable and are computed under Section 71-5-357(c)(i) (Supp. 1982).
When all is said and done, this case is quite simple. McElhenney is unemployed within the meaning of the law. He is eligible for benefits within the meaning of the law. Those benefits must be paid from the Mississippi Employment Security Trust Fund. That Fund is derived from monies exacted from employers, either as contributors or as reimbursers. It is within the police powers of this state to compel such contributions or reimbursements.
In cases such as this involving two or more employers, the legislature has provided a formula for allocation of the burden of funding the Trust. Miss. Code Ann. § 71-5-357(c)(i) (Supp. 1982). That formula is by no means irrational nor unrelated to the legislative purpose to allocate fairly among employers the burden of funding the Trust. It is our duty to apply and enforce that formula as written. This we do by our decision here.

IV.
The school district has argued vigorously that it may not be held liable for reimbursement because McElhenney is still employed by it as a part-time school bus driver. It would be unfair and inequitable to require it to fund the trust, pro rata, when it has done nothing to contribute to McElhenney's "unemployment", or so the argument goes.
However meritorious or appealing the school district's argument may be, it is one properly addressed to the legislature and not to this Court. This Court must faithfully interpret and enforce the Mississippi Employment Security Law as it has been written and consistent with the public policy and spirit expressly or impliedly undergirding it.
We have above described the law as it has been written. In answer to the school district's argument, we emphasize here the legislative purpose "to provide through the accumulation of reserves for the payment of compensation to individuals with respect to their unemployment". Miss. Code Ann. § 71-5-1 (1972). The legislature of this state has found that the public good and the general welfare require the establishment and maintenance of an Employment Security Trust Fund. Miss. Code Ann. § 71-5-451, et seq. (Supp. 1982). The monies that go into that Trust Fund must come from some source. The legislature has provided for mandatory assessments against employers to fund the Trust stating:
The legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this state require the enactment of this measure, under the policy powers of the state, for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own. Miss. Code Ann. § 71-5-3 (1972).[6]
*1175 Employers are thus required to fund the Trust. Miss. Code Ann. §§ 71-5-351, et seq. (Supp. 1982). The school district complains that it should not be required to make reimbursement unless it is at fault in causing the employee's unemployment. The argument misses the point. In the overwhelming majority of cases, unemployment compensation benefits are paid in a context where no one is at fault, not employer nor employee. If there be a culprit, it may be the economic conditions which produce no-fault unemployment. In this context and without in any way attempting to impose fault or cast blame toward employers, the legislature has provided a trust fund out of which to pay unemployment compensation claims. Miss.Code § 71-5-451 (Supp. 1982).
If the school district's position were accepted, and if the principle implicit therein were widely utilized, the integrity of the Trust Fund would be in danger. For claims would be allowed against the Fund for amounts earned during the base period, which amounts would not be contributed or reimbursed by any employer. Absent an express provision to such effect, we will not imply any intention of the legislature to allow claims where no employer is contributing to the Trust Fund or reimbursing it.
Here the school district is required to reimburse the Trust Fund, not because the school district was at fault in contributing to McElhenney's "unemployment". It is required to make reimbursement because it was McElhenney's employer during a part of the base period, and because the Legislature of the State of Mississippi, in the exercise of its police powers and its considered judgment based upon its perception of the public good and the welfare of the citizens of this state, has required that it make such reimbursement.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, HAWKINS and PRATHER, JJ., concur.
BOWLING and DAN M. LEE, JJ., not participating.
NOTES
[1] The term "weekly benefit amount" is also defined by statute. Miss. Code Ann. § 71-5-503 (Supp. 1982). Without dispute McElhenney's weekly benefit amount, computed according to the formula in Section 71-5-503, is $80.00.
[2] See footnote 1, supra.
[3] The term "employment" is used and defined in a similarly arbitrary but nevertheless wholly lawful manner. For example, a person engaged in agricultural labor no doubt thinks of himself as employed. His working relationship with his employer no doubt falls within the dictionary definition of the term "employment". Still for purposes of the Mississippi Employment Security Law, his labor may not be deemed "employment". Miss. Code Ann. § 71-5-11(I)(15).
[4] "Base period" means the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year. Miss. Code Ann. § 71-5-11[A] (Supp. 1982). For a helpful explanation of the base period concept and its function in the determination of benefits eligibility, see the chart attached as an appendix to this Court's decision in Mississippi Employment Security Commission v. City of Columbus Light & Water Dept., et al., 424 So.2d 553, 558 (Miss. 1982).
[5] We note that many employers are required by law to make periodic contributions to the Mississippi Employment Security Trust Fund. Miss. Code Ann. §§ 71-5-351, et seq. (Supp. 1982). In a sense, these employers fund the trust in advance of claims made against it. Political subdivisions, such as the school district here, are provided the option of being "reimbursing employers" rather than "contributing employers". Miss. Code Ann. § 71-5-357(b) (Supp. 1982). Reimbursing employers replenish the trust after claims have been made and paid. The Newton County Unit School District has elected to be a reimbursing employer.
[6] These general statements of purpose and policy were a part of the law as originally enacted in 1936. Miss. Laws, 1936, ch. 176, § 2. At that time the Trust Fund was funded exclusively through "contributions". The "reimbursement" method of funding the Trust was not made a part of the law until January 1, 1972. Miss. Laws 1971, ch. 519, §§ 16, 19 and, political subdivisions, such as the school district here, were afforded the reimbursement option by amendment to the act in 1977. Miss. Laws 1977, ch. 497, § 4. See Mississippi Employment Security Commission v. City of Columbus Light & Water Department, et al., supra, 424 So.2d at 554, 555.